IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

V. Cr. No. 86-019B

JAMES LYONS

**MOTION FOR CORRECTION OF ILLEGAL SENTENCE**

Now comes James Lyons, who respectfully moves this Court pursuant to the 1986 version of Rule 35(a) of the Federal Rules of Criminal Procedure[1], for an Order vacating the Special Parole Term imposed at sentencing on Count II of the Indictment, on the grounds that the District Court lacked the authority to sentence him to a term of special parole for the 1986 offense he was convicted of on Count II. This motion is based on the annexed exhibits and accompanying memorandum of law.

---

1 Prior to November 1, 1987 (when Lyons offense was committed), Rule 35(a) of the Federal Rules of Criminal Procedure provided that:

(a) Correction of Sentence. *The court may correct an illegal sentence at any time* and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

Rule 35, Fed.R.Crim.P. (1982).

## BACKGROUND FACTS

On April 2, 1986, Lyons was arrested by federal agents. On April 3, 1986, using keys taken from Lyons, and information obtained from informants, federal agents conducted several searches, which resulted in the seizure of nearly 5 kilograms of cocaine.

Based on these seizures, and on information supplied by a federal informant, Mr. Rene Berard, Lyons was indicted on eight counts on May 1, 1986. (Exhibit A)

The main count, Count 1, charged that Lyons conspired to distribute and did "possess with intent to distribute a mixture containing cocaine" from "January 20, 1986 through on or about April 3, 1986."

Count 2 charged that Lyons "did possess with the intent to distribute a kilogram or more of cocaine" on "or about March 24, 1986 through on or about April 3, 1986." [2]

On November 25, 1986, a 15 page stipulation of facts was entered into the record, with pages 6, 13, and 14 detailing the scope of the conspiracy to

---

[2] Counts 3-8 involved firearms counts, which are irrelevant to the instant motion. The sentences did not involve special parole. These sentence were served in their entirety many years ago, as the sentences ran concurrently with the sentences imposed on Counts 1 and 2.

include some 10 kilograms of cocaine. On December 1, 1986, Lyons was tried based on the stipulated facts, and found guilty on all counts.

On June 26, 1987, the Honorable Francis Boyle sentenced Lyons to the then maximum prison term of 20 years on Count 1, and he also imposed a maximum fine of $250,000 on Count 1. (Exhibit B1-B4)

As to Count 2, Lyons was sentenced to the maximum prison term of 20 years, to be served consecutively to the 20 year prison term imposed on Count 1. In addition, Lyons was sentenced to a special parole term of 20 years on Count 2. (Exhibit B1-B4)

On October 23, 2002, Lyons was released from federal prison. See *Lyons v. Mendez*, 303 F.3d 285 (3rd Cir. 2002). On or about April 24, 2007, Lyons received a document indicating that he was granted "early termination" of parole from the forty-year prison term effective March 2, 2007, and that he was being paroled to the 20 year special parole term. (Exhibit C).

Lyons asserts that the 1986 special parole term is an illegal sentence, which must be vacated pursuant to the 1986 version of Rule 35(a) of the Federal Rules of Criminal Procedure, which permits this Court "to correct an illegal sentence at any time." This version of Rule 35(a) still applies to offenders, like Lyons, who committed offenses in 1986.

## ARGUMENT

**THE SPECIAL PAROLE TERM IMPOSED ON COUNT 2 IS AN ILLEGAL SENTENCE, BECAUSE IT WAS NOT AN AUTHORIZED SENTENCE AT THE TIME OF LYONS' 1986 OFFENSE OR SENTENCING**

Under 21 U.S.C. § 841, it is well settled law that special parole terms were not authorized for offenses involving over one kilogram of cocaine if the offense was committed between October 12, 1984 and October 27, 1986. *United States v. Santamaria*, 788 F.2d 824, 829 (1st Cir.1986); *United States v. Rivera-Santiago*, 872 F.2d 1073, 1090 (1st Cir. 1989).

This reasoning for this was explained by the U.S. Supreme Court:

> We first trace in more detail the relevant statutory history of the federal drug enforcement penalty scheme and of federal sentencing in general. We begin with the Controlled Substances Act, Pub.L. 91-513, Tit. II, § 401(b), 84 Stat. 1260, codified at 21 U.S.C. § 841(b). When first enacted, § 841(b) subjected offenders involved in the manufacture or distribution of schedule I and II narcotic substances, including heroin, to a maximum of 15 years' imprisonment and, if a prison sentence was imposed, to a mandatory 3-year term of special parole. 21 U.S.C. § 841(b)(1)(A) (1982 ed.). Special parole was "a period of supervision served upon completion of a prison term" and administered by the United States Parole Commission. Bifulco v. United States, 447 U.S. 381, 388 (1980). See 21 U.S.C. § 841(c) (1982 ed.), repealed, Pub.L. 98-473, Tit. II, § 224(a)(6), 98 Stat. 2030.
>
> In 1984, as part of a larger bill, Congress enacted two statutes that altered the penalty schemes for federal drug offenders: the Controlled Substances Penalties Amendments Act, Pub.L. 98-473, Tit. II, ch. V, 98 Stat. 2068, and the Sentencing Reform Act, Pub.L. 98-473, Tit. II, ch. II, 98 Stat. [498 U.S. 400] 1987. *The Controlled Substances Penalties Amendments Act increased the*

> *maximum prison terms available under the Controlled Substances Act for offenses involving large quantities of narcotic substances to 20 years, but did not provide any term of special parole for such offenses. 21 U.S.C. § 841(b)(1)(A) (1982 ed., Supp. II).* Persons convicted of crimes involving lesser amounts of narcotic and nonnarcotic substances remained subject to the penalties applicable to offenses committed before the 1984 amendments, including special parole. 21 U.S.C. §§ 841(b)(1)(B) and (C) (1982 ed., Supp. II). Thus, while increasing the maximum terms of imprisonment for large-scale narcotics offenses, the 1984 amendments created a peculiar situation in which small-time offenders were subject to special parole, while big-time offenders were not.

*Gozlon-Perez v. United States*, 498 U.S. 395, 399-400 (1991). The Court noted that:

> Large-scale drug offenses under the Controlled Substances Penalties Amendments Act included those involving 100 grams or more of heroin, *one kilogram or more of cocaine*, and 5 grams or more of LSD. See 21 U.S.C. § 841(b)(1)(A) (1982 ed., Supp. II).

*Gozlon-Peretz*, 498 U.S. at 400, n.3.

Lyons' indictment states that his offense was committed between the dates of January 20, 1986 and April 3, 1986, and clearly involved over one kilogram of cocaine. This is indisputable. The charging language of Count 2 states that Lyons "did knowingly and intentionally possess with intent to distribute *a kilogram or more of cocaine.*" Lyons was sentenced to the special parole term on Count 2 of the Indictment.

In *United States v. Santamaria*, 788 F.2d 824 (1st Cir. 1988), the First Circuit decided an identical fact issue, and ruled that a special parole term

was unauthorized in a case involving nine kilograms of cocaine:

> Santamaria pleaded guilty, under Count II, to knowingly and intentionally possessing with intent to distribute one kilogram or more of a mixture containing cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A), and was sentenced on that count to a sentence of twenty years, a special parole term, and a fine. The government now concedes that the special parole term was improperly imposed.
>
> Prior to amendment in October 1984, the penalty provisions set forth in 21 U.S.C. Sec. 841(b)(1)(A) (1982) required imposition of a special parole term upon a person convicted under 21 U.S.C. Sec. 841(a) of an offense involving a narcotic drug. Those penalty provisions were recast by section 502 of the Comprehensive Crime Control Act of 1984, 21 U.S.C.A. Sec. 841(b)(1)(A) (West Supp.1985). The new provisions prescribe penalties of different magnitudes depending upon the amount of narcotics involved in an offense, and raise the maximum penalties. Under the new provisions, however, a special parole term, while mandatory for offenses involving less than one kilogram of a narcotic drug, is not authorized for an offense that involves one kilogram or more of a narcotic drug--an offense for which Santamaria was convicted. Thus, there is no basis here for the imposition of a special parole term, and that provision of the sentence is vacated.

*Santamaria*, 788 F.2d at 829.

In Lyons' case, drug quantity in excess of one kilogram of cocaine was not only charged in the indictment, but some 10 kilograms of cocaine was stipulated as fact, and Judge Boyle found Lyons guilty and issued the maximum sentences on both Counts 1 and 2 based on these facts. It is important to keep in mind that *the maximum prison term for an offense*

*involving less than a kilogram of cocaine was 15 years during this time period, and the maximum fine was $125,000.* On the other hand, the maximum sentence for offenses involving over one kilogram was 20 years – the sentence Lyons received on both Counts 1 and 2.[3] [4] Also, the maximum fine for *over one kilogram was $250,000.* Lyons was fined $250,000 on

---

[3] In April 1986, Sec. 841(b)(1)(A) provided:

Any person who violates subsection (a) of this section shall be sentenced as follows: In the case of a violation of subsection (a) of this section involving .... (ii) *a kilogram or more of any other controlled substance in schedule I or II which is a narcotic drug; ... such person shall be sentenced to a term of imprisonment of not more than 20 years, a fine of not more than $250,000, or both.* 21 U.S.C. Sec. 841(b)(1)(A) (Supp. II 1984).

In April 1986, Sec. 841(b)(1)(B) provided:

Any person who violates subsection (a) of this section shall be sentenced as follows: .... In the case of a controlled substance in schedule I or II except as provided in subparagraphs (A) and (C*), such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $125,000, or both....* Any sentence imposing a term of imprisonment under this paragraph shall ... impose a special parole term of at least 3 years in addition to such term of imprisonment.... 21 U.S.C. Sec. 841(b)(1)(B) (Supp. II 1984).

[4] Of course, prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), drug quantities under 21 U.S.C. § 841 were considered to be sentencing factors, not elements of separate offenses, and were determined by the sentencing judge based on a preponderance of the evidence. *United States v. Barnes*, 890 F.2d 545, 551 n.6 (1st Cir. 1989); see also *McMillan v. Pennsylvania*, 477 U.S. 79 (1986)(allowing penalty-enhancing findings to be determined by a judge by a preponderance of the evidence).

Count 1, not $125,000 – and sentenced to 20 years, not 15 years, due to 10 kilograms of cocaine being involved in the conspiracy.

The Third Circuit Court of Appeals decided a case identical to Lyons' case. United States v. Giraldo-Avendano, 910 F.2d 80 (3rd Cir. 1990). Giraldo-Avendano filed a Motion to Correct Sentence pursuant to pre-guidelines Rule 35(a) of the Federal Rules of Criminal Procedure, as has Lyons. Giraldo-Avendano was sentenced to a 20 year prison term on Count 1 of his indictment, charging a conspiracy to distribute cocaine, as was Lyons. Giraldo-Avendano was also given a prison term and special parole term on Count 2, despite the fact that the offense "involved more than fourteen kilograms of cocaine," Id. at 80, as was Lyons. The offenses and dates of the offenses are a carbon copy of Lyons'. Id. In holding that the special parole term was unauthorized, the Court of Appeals opined:

> In this case, inasmuch as the criminal acts took place in December 1985 and January 1986, and the quantity of cocaine was greater than one kilogram, the penalty provision that should have been applied was that in 21 U.S.C. § 841(b)(1)(A) as in effect. At that time the amendment provided by the 1984 Act, which omitted that special parole term, was in effect, and thus the imposition of a term of special parole was unauthorized. Giraldo-Avendano's Rule 35 motion for correction of sentence should have been granted.

Giraldo-Avendano, 910 F.2d at 81. Lyons "Rule 35 motion" involves identical facts and law, and it must also be granted. Id.

## CONCLUSION

Based on the foregoing, this Motion for Correction of Illegal Sentence -- the special parole term imposed on Count II, must be granted.[5]

Respectfully submitted,

James Lyons

James Lyons, *pro se*
18 Callahan School St
Harrisville RI 02830

## CERTIFICATE OF SERVICE

I, James Lyons, hereby certify under penalty of perjury that I mailed a true and correct copy of the foregoing to:

Gerard Sullivan, Criminal Division
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

by depositing one copy of same in the United States Mail on this 16th day of May 2007.

---

5 In *Caminetti v. United States*, 242 U.S. 470 (1917), the Court stated that "[i]t is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms." *Id.* at 485. In April 1986, the plain language of 21 U.S.C. 841 strictly limited the imposition of a special parole term to cocaine offenses involving under one kilogram of cocaine, and, of course, to defendants sentenced to prison terms of 15 years or less. Lyons special parole term is clearly unauthorized, because he received a 20 year prison term on each count, to be served consecutively -- because his offense obviously involved more than one kilogram of cocaine.