United States District Court for the District of Rhode Island

DEFENDANT: James Lyons

DOCKET NO. CR 86-019B

# JUDGMENT AND PROBATION/COMMITMENT ORDER

AO 245 (9/8?)

**COUNSEL**

In the presence of the attorney for the government the defendant appeared in person on this date — MONTH DAY YEAR: June 26, 1987

[ ] WITHOUT COUNSEL — However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

[x] WITH COUNSEL Edward Romano, Esq.

(Name of Counsel)

**PLEA**

[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea, [ ] NOLO CONTENDERE, [ ] NOT GUILTY

RECEIVED JUN 29 11 41 AM '87 U.S. MARSHAL'S OFFICE DIST. OF R.I.

**FINDING & JUDGMENT**

There being a finding/verdict of [ ] NOT GUILTY. Defendant is discharged [x] GUILTY.

Defendant has been convicted as charged of the offense(s) of conspiracy to possess with intent to distribute cocaine, in violation of Title 21, USC, Section 846; possession with intent to distribute in excess of one kilogram of cocaine, in violation of Title 21 USC, Section 841(a)(1) and 841(b)(1)(A)(ii) and Title 18, USC, Section 2. Possession of an unregistered firearm, in violation of Title 26, USC, Section 5861(d) and Title 18, USC, Section 2; possession of a firearm wothout a serial number, in violation of Title 26, USC, Section 5861(i) and Title 18, USC, Section 2; possession of a firearm by a person previously convicted of a felony, (continued to page 2)

**SENTENCE OR PROBATION ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of 20 years and fined the sum of $250,000, as to Count I. As to Count II, the defendant is remanded to the custody of the Attorney General for imprisonment for a term of 20 years. Said sentence of imprisonment imposed as to Count II is to run consecutive to said sentence of imprisonment imposed as to Count I. It is a further order of this Court that the defendant serve a special parole term of 20 years. As to Count III,IV,V,VI, it is adjudged that the defendant is remanded to the custody of the Attorney General for imprisonment for a term of 10 years on each count to run concurrently with each other and concurrently with sentences of imprisonment imposed on Counts I and II. The defendant is fined the sum of $50,000.00 on each count. As to Count VII, the defendant is remanded to the custody of the Attorney General for imprisonment for a term of 10 years and fined the sum of $25,000.00. Said sentence of imprisonment imposed on Count VII is to run concurrently with sentences of imprisonment imposed on Counts I,II,III,IV,V and VI. (Continued to page 2).

**SPECIAL CONDITIONS OF PROBATION**

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends, confinement in this area pending appeal.

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

10-13-87
02810-070

SIGNED BY
[ ] U.S. District Judge
[ ] U.S. Magistrate

[signature]

CERTIFIED AS A TRUE COPY ON THIS DATE 6/29/87

BY [signature] FILED
( ) CLERK
(X) DEPUTY

DEFENDANT: James Lyons

United States District Court for District of Rhode Island

DOCKET NO. CR 86-019B

# JUDGMENT AND PROBATION/COMMITMENT ORDER

AO 245 (9/82)

In the presence of the attorney for the government the defendant appeared in person on this date → MONTH DAY YEAR: June 26. 1987

**COUNSEL**

[ ] WITHOUT COUNSEL However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

[x] WITH COUNSEL Edward Romano, Esq.

(Name of Counsel)

**PLEA**

[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea, [ ] NOLO CONTENDERE, [ ] NOT GUILTY

**FINDING & JUDGMENT**

There being a finding/verdict of [ ] NOT GUILTY. Defendant is discharged [x] GUILTY.

Defendant has been convicted as charged of the offense(s) of (continued from page 1) in violation of Title 18, USC, App., Section 1202(a)(1) and Title 18, USC, Section 2.

**SENTENCE OR PROBATION ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

(continued from page 1)

As to Count VIII, the defendant is remanded to the custody of the Attorney General for imprisonment for a term of 2 years and fined the sum of $25,000.00. Said sentence of imprisonment imposed on Count VIII is to run concurrently with sentences of imprisonment imposed on Counts I,II,III,IV,V,VI,VII.

The defendant is assessed the amount of $400.00.

**SPECIAL CONDITIONS OF PROBATION**

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends,

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

10-13-87
02810-070

CERTIFIED AS A TRUE COPY ON THIS DATE 6/29/87

By [signature]

( ) CLERK

(X) DEPUTY

SIGNED BY

[ ] U.S. District Judge

[ ] U.S. Magistrate

[signature]

UNITED STATES DISTRICT COURT
OFFICE OF THE PROBATION OFFICER
DISTRICT OF RHODE ISLAND

DONALD J. BLACKBURN
CHIEF PROBATION OFFICER

105 FEDERAL BLDG. & COURTHOUSE
P. O. BOX 277
PROVIDENCE, R. I. 02903
TELEPHONE:
AREA CODE 401-528-5160
FTS: 838-5160

June 24, 1987

RECEIVED
JUN 29 1987
COMMUNITY PROGRAMS
BOP-REGIONAL OFFICE
BOSTON, MA

Mr. David Winn
Community Programs Manager
U.S. Post Office & Courthouse
Room 619
Boston, MA 02109

Re: **LYONS, James J.**
USMS No. 02810-070

Dear Mr. Winn:

Enclosed please find the presentence report prepared on the above-named defendant who appeared before the Honorable Francis J. Boyle for sentencing on today's date. Mr. Lyons was sentenced as follows:

Ct. 1: CAG 20 years; $250,000 fine.

Ct. 2: CAG 20 years, consecutive to Ct. 1; 20 yrs. SPT;

Cts. 3, 4, 5, 6: CAG 10 years, concurrent with each other and with sentences imposed in Cts. 1 and 2, fined $50,000 as to each of the four counts.

Ct. 7: CAG 10 years, concurrent with sentences imposed in Cts. 1-6, fined $25,000.

1202 → (a)(1) Ct. 8: CAG 2 years, concurrent with sentences imposed in Cts. 1-7, fined $25,000.

$400 special assessment.

The Court recommends the defendant be confined in this area pending appeal.

Please notify this office of the designation and forward the presentence report to the designated institution after it has served your purpose.

Very truly yours,

Donald J. Blackburn

Donald J. Blackburn
Chief U. S. Probation Officer

DJB/jmh

Encl.

[redacted]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
PRESENTENCE REPORT

NAME (Last, First, Middle)
LYONS, James J.

DICTATION DATE
1/7/87

ADDRESS
c/o MCI Walpole State Prison
Cedar Junction

LEGAL RESIDENCE
Plainfield Pike
Clayville, RI 02815

SCHEDULED SENT. DATE

DOCKET NO.
86-00019-001

CITIZENSHIP
United States

| AGE | RACE | DATE OF BIRTH | PLACE OF BIRTH | SEX | EDUCATION |
|---|---|---|---|---|---|
| 31 | Caucasian | 12-3-55 | Providence, RI | Male | Two years college |

MARITAL STATUS
Divorced

DEPENDENTS
One (Child)

SOC. SEC. NO.
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

FBI NO.
105 215 N2

U.S. MARSHAL NO.
02810-070

OTHER IDENTIFYING NO.

OFFENSE
21:846 Conspiracy to possess w/intent to distribute cocaine (Ct. 1)
21:841(b)(1)(A)(ii) Possession w/intent to distribute in excess of one kilogram of cocaine (Ct. 2)
26:5861(d) Possession of unregistered firearm (Cts. 3, 4, 5, 6)
26:5861(i) Possession of firearm without serial number (Ct. 7)
18:App. 1202(a)(1) Possession of firearm by person previously convicted of a felony (Ct. 8)

(Eight-count Indictment)

PENALTY 21:846 20 years and/or $250,000 fine SPECIAL ASSESSMENT: $400
NA 21:841(b)(1)(A)(ii) 20 years and/or $250,000 fine plus special parole term of, at least, three years
AA 26:5861(d) 10 yrs. and/or $10,000 (by law) or maximum fine of $250,000 (each count)
AA 26:5861(i) 10 yrs. and/or $10,000 (by law) or maximum fine of $250,000
NP — 18:App. 1202(a)(1) 2 yrs. and/or $10,000 (by law) or maximum fine of $250,000 RESTITUTION: N/A

CUSTODIAL STATUS
5/7/86: Defendant held without bail

DATE OF ARREST
April 2, 1986

PLEA
N/A

CONFIDENTIAL
PROPERTY OF US COURTS
SUBMITTED FOR OFFICIAL USE OF U.S. PAROLE COMMISSION AND FEDERAL BUREAU OF PRISONS. TO BE RETURNED AFTER SUCH USE, OR UPON REQUEST. DISCLOSURE AUTHORIZED ONLY TO COMPLY WITH 18 USC 4208(b)(2).
DATE FORWARDED: ______
TO: ______

VERDICT 12-1-86: Defendant waives jury trial. Court finds defendant guilty on Counts 1 - 8.

DETAINERS OR CHARGES PENDING
SEE ATTACHED

OTHER DEFENDANTS
Lawrence Gallo: Appeared before the Honorable Francis J. Boyle for sentencing on 12/9/86. Received one year custody of the Attorney General to run consecutive to sentence imposed in CR. 86-00020.

ASSISTANT U.S. ATTORNEY
Kenneth Madden, Esq.

DEFENSE COUNSEL
Richard Egbert, Esq.
260 Franklin Street, 16th Floor
Bosotn, MA 02110

Edward J. Romano, Esq.
165 Atwells Avenue
Providence, RI 02903

DISPOSITION Ct. 1: CAG 20 yrs., $250,000 fine; Ct. 2: CAG 20 yrs., consecutive to Ct. 1, 20 yrs. SPT; Cts. 3, 4, 5, 6: CAG 10 yrs., concurrent with each other & with sentences imposed in Cts. 1 & 2, fined $50,000 as to each of the four counts; Ct. 7: CAG 10 yrs., concurrent w/sentences imposed in Cts. 1-6, fined $25,000; Ct. 8: CAG 2 yrs., concurrent w/Cts. 1-7, fined $25,000. $400 special assessment. Court recommends confinement in this area pending appeal.

SENTENCING JUDGE
Hon. Francis J. Boyle

DATE
June 26, 1987

PROBATION OFFICER
Bernard M. Manchester