IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

V.

JAMES LYONS

Civ. No. 1:07-CV-00193-DLM
Cr. No. 86-019B

## LYONS OBJECTION TO COURT'S SUA SPONTE ORDER GRANTING GOVERNMENT UNTIL JULY 10, 2007 TO FILE A RESPONSE;

## MOTION TO EXPEDITE THE DECISION ON MOTION FOR CORRECTION OF ILLEGAL SENTENCE

Now comes James Lyons, and files his objection to this Court's Sua Sponte Order granting the Government until July 10, 2007 to file a response, on the grounds that it is unauthorized under both the Federal Rules of Criminal Procedure and the Local Rules of Criminal Procedure, and highly prejudicial to Lyons. Lyons further moves this Court to Expedite its decision on his Motion for Correction of Illegal Sentence filed in this Court on May 16, 2007, on the grounds that the special parole term at issue is unauthorized under Circuit and Supreme Court precedent, and Lyons is being irreparably harmed by the illegal sentence. This motion is based on the accompanying memorandum of law, and the facts set forth in the Motion for Correction of Illegal Sentence, which is incorporated by reference.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

V.

JAMES LYONS

Civ. No. 1:07-CV-00193-DLM
Cr. No. 86-019B

**MEMORANDUM OF LAW IN SUPPORT OF LYONS OBJECTION TO COURT ORDER GRANTING GOVERNMENT UNTIL JULY 10, 2007 TO FILE A RESPONSE, AND IN SUPPORT OF HIS MOTION TO EXPEDITE RULING ON MOTION FOR CORRECTION OF ILLEGAL SENTENCE**

This memorandum of law is submitted in support of James Lyons' Objection to this Court's sua sponte order on June 13, 2007, granting the government until July 10, 2007 to file a response to Lyons Motion to Correct Illegal Sentence. It is also submitted in support of his Motion to Expedite the decision on his Motion for Correction of Illegal Sentence (the special parole term unlawfully imposed on Count 2 of his May 1986 indictment).

STATEMENT OF THE FACTS/CASE

On March 2, 2007, the US Parole Commission terminated Lyons' regular parole, and ordered him to start the 20 year "Special Parole Term" imposed by this Court on June 26, 1987, for his January-April 1986 offense. Lyons received first notice of this order in late April 2007.

On May 16, 2007, Lyons filed a Motion for Correction of Illegal Sentence, as the "Special Parole Term" is clearly unauthorized. United States v. Giraldo-Avendano, 910 F.2d 80 (3rd Cir. 1990)(identical facts and law); Gozlon-Perez v. United States, 498 U.S. 395, 399-400 (1991)(special parole terms were not authorized for offenses committed from October 12, 1984 through October 27, 1986, if offense involved over one kilogram of cocaine); United States v. Santamaria, 788 F.2d 824, 829 (1st Cir. 1986)(same).[1] Service was made upon the United States that day by mail.

The United States did not file a response within 10 days as required by RI Local Rule Cr 47(b)(1), because it would have been forced to concede that the special parole term is illegal, as it already did in Santamaria, 788 F.2d at 829.[2] [3]

---

[1] The legal issue in this case is an easy one to decide.

[2] The Motion for Correction of Sentence was filed May 16, 2007 (Ex. 1), but not docketed until May 25, 2007. Under RI Local Rule Cr 47(b)(1), the 10 day clock for the government's answer began May 16, 2007, when service by mail was initiated. After allotting 3 days for service by mail in accord with Rule 45(c) of the Federal Rules of Criminal Procedure, the response date extends to May 29, 2007. Saturdays, Sunday's, and Holiday's are excluded from the 10 day calculation, extending the response deadline to June 6, 2007. See Fed R Crim Proc 45(a)(2).

[3] Of course, this would terminate the special parole term forthwith, and that would be the end of this case. Instead, the United States Attorney's Office has obviously adopted another strategy, by not filing a response, and relying on this court to cause further lengthy delays, clearly designed to unlawfully

On four occasions, Lyons spoke to Ryan Jackson, the Calendar Clerk for the Hon. Judge Torres, who this case was assigned to on May 25, 2007. Mr. Jackson at first advised Lyons that Judge Torres was busy with trials, and that he wasn't sure what the status of the motion was. Lyons located the court docket, which was difficult, because it was placed on the Civil Docket – and it showed that an order issued May 25, 2007, directing the government to file a response by June 11, 2007. On June 12, 2007, Lyons spoke to Mr. Jackson again, and asked if the government answered his motion. Mr. Jackson stated that hadn't received anything, and that he would know for sure if an answer was filed by "tomorrow" (June 13). Mr. Lyons asked Mr. Jackson why his Rule 35(a) motion was given a Civil Docket Number, instead of the proper criminal number, and Mr. Jackson stated that it was the only way the court could get it into the computer. Lyons told Mr. Jackson that the current motion is a criminal motion, and the rules are different. On June 13, 2007, Lyons called Mr. Jackson again, and this time Mr. Jackson stated that the Court had issued a new order giving the government until July 10, 2007 to file its answer. Mr. Jackson told Mr. Lyons that they were treating it almost like a habeas action, where the government gets 60 days to

---

prolong Lyons parolee status. It worked out perfectly, because this Court did exactly what the government wanted it to do.

reply.[4] Lyons told Mr. Jackson that the government only had 10 days to respond under Local Rule Cr 47(b)(1), and that this huge delay was highly prejudicial to him.

There is a reason for the government adopting the "no response" strategy it has adopted. This highly abnormal and vindictive strategy is retaliation against Lyons, first for winning Lyons v. Mendez, 303 F.3d 285 (3rd Cir. 2002), and now for filing the current motion to eliminate the special parole term. This strategy was intentional, as it gives the government more time to extract private information from Lyons, under threat of immediate imprisonment for violation of parole for refusing to provide it, as follows.

After Lyons filed the motion to correct illegal sentence on May 16, 2007, the U.S. Probation Office for the District of Rhode Island suddenly intensified its parole supervision over him, advising Lyons that it was under pressure from the Rhode Island US Attorney's Office. On June 4 and June 8, 2007, Lyons was ordered to and forced to submit to a Urinalysis, sign a

---

[4] Habeas proceedings are governed by 28 U.S.C. 2241. The time limits for responses are governed by 28 U.S.C. 2243. It requires the Court to issue the Writ "forthwith," and for the government to respond within "three days." If the Court is going to treat Lyons motion as a habeas action, it should comply with the statutory mandates, which courts of limited jurisdiction are required to do. Lyons had the option of filing this under 28 U.S.C. 2241. Jones v. Cunningham, 371 U.S. 236 (1963). However, Rule 35(a) is the easy way to dispose of the illegal sentence. United States v. Giraldo-Avendano, 910 F.2d 80 (3rd Cir. 1990).

Customer Consent and Authorization for Access to Financial Records, and was provided with a lengthy Financial Statement of Debtor form to fill out, and was advised that he has to submit all kinds of documentation.

Lyons advised his Probation Officer that the Probation Department's parole jurisdiction over him ended March 2, 2007, when his regular parole was terminated, because his Special Parole Term is clearly unauthorized by Congress -- and that the government's actions and parole orders issued beyond March 2, 2007 are unlawful.[5]

Lyons is being forced to comply with unlawful parole supervision orders under duress, because he will be imprisoned immediately and for a long time if he does not comply, because the government is still enforcing the unlawful special parole term, which is technically enforceable until this court vacates the illegal sentence at issue. Lyons can not sue for damages, because the government agents have "good faith" and "reliance" defenses, leaving Lyons in a legal Catch-22.

Lyons has now spent 3+ months illegally on parole based a patently unlawful special parole term, severely and unconstitutionally restricting his liberty in many ways.

---

[5] Lyons provided the Probation Department with a copy of his Motion to Correct Illegal Sentence.

Lyons was forced to employ himself while lawfully on parole, because not one company would employ him while on federal parole supervision, because they did not want to be subjected to government intrusion, surveillance, or harassment. Lyons has business opportunities available to him once his federal parole is terminated. Lyons can not travel to visit family and friends without strict government oversight and management, due to parole restrictions. The unlawful special parole term is causing Lyons to suffer irreparable harm and prejudice, such as that inflicted by Michael Ianotti of the U.S. Attorney's Office, who is currently obtaining private information directly and unlawfully from Lyons, by directing the Probation Department to unlawfully extract it from Lyons and to violate Lyons' parole if he does not provide the information. The severe harm and unjustified intrusion upon Lyons' liberty and privacy by governmental agents must be halted by this court forthwith.

# ARGUMENT

## I. THE COURT'S SUA SPONTE ORDER EXTENDING THE GOVERNMENT'S RESPONSE TIME TO JULY 10, 2007, IS NOT AUTHORIZED BY THE LOCAL CRIMINAL RULES OF COURT, OR THE FEDERAL RULES OF CRIMINAL PROCEDURE, AND THE GOVERNMENT'S TIME TO FILE ITS RESPONSE UNDER LOCAL RULE Cr 47(b)(1) EXPIRED JUNE 6, 2007

### a) Lyons motion is filed under and governed by the Federal Rules of Criminal Procedure, and the Court's use of Civil Rules is unauthorized

Lyons Motion for Correction of Illegal Sentence is filed under the pre-Guidelines version of Rule 35(a) of the Federal Rules of Criminal Procedure, because his offense occurred in early 1986. See *United States v. Nieves-Rivera,* 961 F.2d 15, 16 (1st Cir. 1992)("That statute says explicitly....that the former Rule 35(a) will continue to govern offenses committed *before* November 1, 1987.... Nieves-Rivera's offense took place in November 1985. Thus, the former Rule 35(a) applies."); *United States v. Mosquera*, 695 F.Supp. 1353, 1357 (D. Mass. 1988)(same). Clearly, this is a criminal proceeding, not a civil proceeding, and this court must correct its characterization of this case as a civil matter. *United States v. Giraldo-Avendano,* 910 F.2d 80 (3rd Cir. 1990).[6]

**b) This Court's order extending the government's response time is unauthorized**

[6] "Sentences subject to correction under [under Rule 35(a)] are those that the judgment of conviction did not authorize." *United States v. Morgan*, 346 U.S. 502, 506 (1954). They can be filed at anytime, *Id.*, even if the claim had not been raised on direct appeal. *Callanan v. United States*, 364 U.S. 587, 589 n.3 (1961). Lyons special parole term is clearly unauthorized. *Giraldo-Avendano,* 910 F.2d at 81.

Under the Federal Rules of Criminal Procedure, which govern Lyons pending motion, Rule 45 controls the authority of this Court to Compute and Extend Time in Criminal Proceedings. Rule 45(a) states:

> (a) Computing Time: The following rules apply in computing any period of time specified in these rules, *any local rule, or any court order.*

Rule 45(b)(1) of the Fed R Crim Proc governs the power of a court to extend time in criminal cases. RI Local Rule Cr 47(b)(1) states that the government only had 10 days to file its objection and memorandum.

> (b) Objections and Replies.
>
> (1) Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a memorandum setting forth the reasons for the objection and any applicable points and authorities supporting the objection.

The power of this court to sua sponte extend the 10 day limit of RI Local Rule Cr 47 is limited by Rule 45(a), infra, and 45(b) of the Fed R Crim Proc:

> (b) Extending Time.
>
> (1) In General. When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> (A) *before the originally prescribed or previously extended time expires*; or
>
> (B) *after the time expires if the party failed to act because of excusable neglect*.

Fed R Crim Proc 45(b)(1)(A) and 45(b)(1)(B).

Neither subsection (A) or (B) applies. This Court's sua sponte order extending the government's response time was issued June 13, 2007. Clearly, this was not "before" June 6, 2007, the filling deadline required by RI Local Rule Cr 47(b)(1), so subsection (A) is not applicable. In order for subsection (B) to apply, this court would have to have some incredulous facts from the government supporting "excusable neglect" to justify extending the time to respond.

In *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993), the Supreme Court addressed whether an attorney's inadvertent failure to file a proof of claim within the deadline established by the court can constitute "excusable neglect" justifying late filing within the meaning of Federal Rules of Bankruptcy Procedure Rule 9006(b)(1). It defined "excusable neglect" in this context as follows:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. at 395.

These guidelines are instructive. In Lyons case, this standard cannot possibly be satisfied. The government knew Local Rule Cr 47(b)(1) required it to answer by June 6, 2007, and the Court Clerk placed a docket note for the government to answer by June 11, 2007. However, the true reason for the government's failure to respond is because its response is controlled by Circuit precedent, whereby it already conceded that the special parole term is unauthorized. *United States v. Santamaria*, 788 F.2d 824, 829 (1st Cir. 1986). The government failure to respond was tactical, because a response would mean the immediate end of Lyons illegal parole supervision, and the immediate end of the illegal government tactics being used to extract financial and other information from Lyons. This is not excusable neglect, or even close to it. The government's failure to respond is intentional, and highly prejudicial to Lyons. In fact, these are the very dangers the Supreme Court discussed in Pioneer. This Court's order extending the time for the government to file a response is unauthorized.

## II. THE CONSTITUTION AND THE LOCAL RULES REQUIRE A SWIFT DISPOSITION OF THIS CASE ,[7] BECAUSE WRONGFUL PAROLE SUPERVISION CAUSES SEVERE DEPRIVATIONS OF LIBERTY, ESPECIALLY WHERE GOVERNMENT OFFICIALS ARE AWARE THAT IT IS UNLAWFUL, AND ARE USING IT TO EXTRACT PRIVATE INFORMATION UNDER THREAT OF PAROLE VIOLATION AND SWIFT IMPRISONMENT FOR REFUSAL TO DIVULGE IT

Rhode Island LR Gen 101(e) states that this Court's rules "*shall* be construed consistently with other applicable statutes and rules to secure *the just, speedy and inexpensive determination of all* proceedings before the Court." The applicable statutes and rules require a swift disposition of Lyons' Motion, simply because he is being illegally restrained by government forces. Lyons had the option of using habeas corpus under 28 U.S.C. 2241, which the Supreme Court has defined as the "swift and imperative remedy in all cases of illegal restraint or confinement." Fay v. Noia, 372 U.S. 391, 400 (1963). The point is that illegal restraint is to be dealt with in a speedy fashion, and this is especially true when the

---

[7] RI Local Rule Gen 101(c) allows the Court to suspend the operation of a Local Rule where "exceptional circumstances" exist. No circumstances exist permitting this Court to issue the huge extension of time for the government to answer. If anything, "exceptional circumstances" exist warranting the suspension of the operation of the Local Rules to immediately grant Lyons' motion, which is supported by Supreme Court and First Circuit precedent, and a Third Circuit case directly on point. This would be consistent with the "construction" of the Local Rules as defined in RI LR Gen 101(e).

government is using the illegal restraint to unlawfully extract very private information from Lyons, under threat of immediate imprisonment for parole violation for refusing to provide the information (urinalysis, private financial information, etc…).

The Constitution empowered Article III Courts to protect citizens from the infliction of imminent harm by arbitrary action of government officials. Freedom from unlawful restraint by government officials lies at the very heart of fundamental rights under substantive due process:

> The 'liberty' mentioned in [the fourteenth] amendment means, not only the right of the citizen to be free from the mere physical restraint of his person, as by incarceration, but the term is deemed to embrace the right of the citizen to be free in the enjoyment of all his faculties; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood by any lawful calling; to pursue any livelihood or avocation; and for that purpose to enter into all contracts which may be proper, necessary, and essential to his carrying out to a successful conclusion the purposes above mentioned.

Allgeyer v. State of Louisiana, 165 U.S. 578, 589 n.34 (1897). Because of the unlawful special parole term, Lyons is unable to enjoy any of the rights enumerated by the Allgeyer court. An 1891 law review article [8] noted that

---

[8] Charles E. Shattuck, *The True Meaning of the Term "Liberty" in Those Clauses in the Federal and State Constitutions Which Protect "Life, Liberty, and Property,"* 4 HARV. L. REV. 365 (1891). It is of some note that Shattuck is cited favorably on this very topic in Ingraham v. Wright, 430 U.S. 651, 673 at n. 41 (1977).

Blackstone described "freedom from restraint of the person" as "perhaps the most important of all civil rights,"[9] and that Lord Coke felt "the liberty of a man's person is more precious to him than everything else that is mentioned [in the Magna Charta]."[10]

## CONCLUSION

The government's failure to respond was a tactical decision, used to delay the termination of Lyons' parolee status, so it could unlawfully extract personal information under threat of parole violation and Lyons' immediate imprisonment if he refuses to comply. The Court's sua sponte order extending the time for the government to file a response is unauthorized. Based on the foregoing, this Court must vacate its June 13, 2007 sua sponte order extending the time for the Government to Respond to Lyons' Motion for Correction of Illegal Sentence, and Expedite the ruling on the Motion for Correction of Illegal Sentence.

Respectfully submitted,

James Lyons

James Lyons, *pro se*
18 Callahan School St
Harrisville RI 02830
Phone: (401) 359-0013

[9] 4 HARV. L. REV. at 377.

[10] 4 HARV. L. REV. at 374.

**CERTIFICATE OF SERVICE**

I, James Lyons, hereby certify under penalty of perjury that I mailed a true and correct copy of the foregoing to:

Gerard Sullivan, Criminal Division
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

by depositing one copy of same in the United States Mail on this 13th day of June 2007.