IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES LYONS | ) | |
| | ) | |
| vs. | ) | C.A. No. 07-193T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S**
**MOTION FOR CORRECTION OF ILLEGAL SENTENCE**

Introduction

Petitioner James Lyons (Petitioner or Lyons), pursuant to the 1986 version of Federal Rule of Criminal Procedure 35(a), moves that This Court vacate the special parole term which he currently serves. For grounds, Petitioner contends that the Court was without authority to impose the special parole term.

The Government has been unable to locate statutory authority or case law contrary to the position of the Petitioner.

Travel

Lyons was arrested on April 2, 1986 pursuant to an arrest warrant issued by a United States Magistrate Judge in the District of Rhode Island. On May 1, 1986, an indictment charging eight counts was returned against Lyons. Count I charged Lyons with conspiracy to distribute cocaine from January 20, 1986 through April 3, 1986, in violation of 21 U.S.C. § 846. Count II charged Lyons with possession with intent to distribute a kilogram or more of cocaine from March 24, 1986 through April 3, 1986, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)

and 18 U.S.C. § 2. Counts III, IV, V and VI charged Lyons with possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2. Count VII charged Lyons with possession of firearms not identified by serial number, in violation of 26 U.S.C. § 5861(i) and 18 U.S.C. § 2. Count VIII charged Lyons with possession of firearms as a previously convicted felon, in violation of 18 U.S.C., App., § 1202(a)(1) and 18 U.S.C. § 2.

Lyons proceeded to trial on a written Stipulation Of Facts. Chief Judge Boyle found Lyons guilty on all counts of the indictment. On June 26, 1987, Chief Judge Boyle pronounced sentence:

Count I
20 years imprisonment and a $250,000 fine;
Count II
20 years imprisonment consecutive to Count I and a 20-year term of special parole;
Counts III through VI
10 years imprisonment on each count concurrent and a $50,000 fine on each count;
Count VII
10 years imprisonment concurrent and a $25,000 fine; and
Count VIII
2 years imprisonment concurrent and a $25,000 fine.

Lyons appealed to the First Circuit Court of Appeals. His conviction was affirmed. United States v. Lyons, 898 F.2d 210 (1st Cir.), *cert. denied*, 498 U.S. 920, 111 S.Ct. 295 (1990). A petition filed pursuant to 28 U.S.C. § 2255 was denied on May 10, 2001.

Discussion

The Government identifies two questions which must be addressed. First, did the statute under which Petitioner was convicted provide for the imposition of a special parole term as part of the punishment? Second, can the Petitioner seek relief through former F.R.Crim.P. 35(a)?

a. The special parole term

A special parole term is "an additional period of supervision which commences upon completion of any period on parole or mandatory release supervision from the regular sentence; or if the prisoner is released without supervision, commences upon such release." 28 C.F.R. § 2.57. Special parole follows a term of imprisonment, while regular parole entails a release before the end of the term of imprisonment. The length of the special parole term is selected by the District Court, not the Parole Commission. If a special parole term is revoked, the full length of the special parole becomes a term of imprisonment. Fowler v. United States Parole Commission, 94 F.3d 835, 840 (3rd Cir. 1996).

Prior to 1984, under the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A) subjected unlawful manufacturers and distributors of Schedule I and II controlled substances to a maximum term of 15 years imprisonment and a mandatory three-year term of special parole. On October 12, 1984, Congress passed the Comprehensive Crime Control Act of 1984 which included amendments to 21 U.S.C. § 841(b)(1)(A). The amended section stated that for violations involving a kilogram or more of most Schedule I and II controlled substances (including cocaine), the authorized punishment was a term of imprisonment not to exceed 20 years, a fine of $250,000, or both. Whether intentionally or due to oversight, no mention of special parole was made, though §§ 841(b)(1)(B) and (C) involving lesser quantities of controlled substances did retain the special parole term as part of the authorized sentences.

With the exception of most drug offenses, the Comprehensive Crime Control Act also eliminated special parole terms and replaced them with supervised release. Originally, this

provision was to be effective November 1, 1986.[1] Subsequent to the passage of the Comprehensive Crime Control Act of 1984, Congress enacted the Anti-Drug Abuse Act of 1986. This Act changed offense categories, increased statutory maximum sentences for most drug offenses, and established mandatory minimum sentences for certain offenses. A number of the provisions of the Anti-Drug Abuse Act took effect on October 27, 1986, while others were delayed until November 1, 1987. One of the provisions of the Act replaced special parole with supervised release for drug offenses. Gozlon-Peretz v. United States, 498 U.S. 395, 399-403, 111 S.Ct. 840, 844-46 (1991); United States v. Giraldo-Avendano, 910 F.2d 80, 81 (3rd Cir. 1990).

Based upon the statutory history, a number of Courts of Appeals, including the First Circuit Court of Appeals, have found that from October 12, 1984 until October 27, 1986, special parole terms for sentences imposed under 21 U.S.C. § 841(b)(1)(A) did not exist. United States v. Hincapie, 66 F.3d 551, 552 (2nd Cir. 1995); United States v. Buitrago, 919 F.2d 348, 350 (5th Cir. 1991); United States v. Giraldo-Avendano, 910 F.2d at 81; United States v. Hessen, 911 F.2d 651, 652-53 (11th Cir. 1990); United States v. Rivera-Santiago, 872 F.2d 1073, 1090 (1st Cir. 1989); United States v. Santamaria, 788 F.2d 824, 829 (1st Cir. 1986).

Count II charged Lyons with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2. The offense dates alleged in the indictment for Count II were from on or about March 24, 1986 through on or about April 3, 1986. The indictment was returned May 1, 1986. The dates given in the Stipulation Of Facts centered upon March and April 1986 with no date being earlier than Spring 1985. All of these dates fall within the time frame of October 12, 1984

---

[1] The effective date was later delayed until November 1, 1987.

through October 27, 1986. For the offense for which Petitioner was convicted, a term of special parole as part of the punishment does not appear to have been authorized.

b. Rule 35(a)

The version of Rule 35(a) in effect during 1986 and up to November 1, 1987 read as follows:

> **Correction of Sentence.** The court may correct an illegal sentence at any time and correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

An illegal sentence includes a sentence in which the punishment exceeds that prescribed by the statute. Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 472 (1962); United States v. Lika, 344 F.3d 150, 153 (2nd Cir. 2003); United States v. Wheeler, 645 F.Supp. 250, 252 (N.D. Ind. 1986).

Though the 1986 version is no longer in effect, several Courts have recognized that defendants may proceed under the version of Rule 35 which was in effect at the time the defendant was sentenced. See, e.g., United States v. Lika, 344 F.3d at 152; United States v. Sussman, 900 F.2d 22 (3rd Cir. 1990); United States v. Kramm, 367 F.Supp.2d 750, 752 (E.D.Pa. 2005) (challenge to special parole term raised); United States v. Gutierrez, 897 F.Supp. 31, 32 (D.Puerto Rico 1995) (challenge to special parole term raised); Herrera v. United States, 798 F.Supp. 295, 297 (E.D.N.C. 1992) (special parole challenge); United States v. Barkley, 729 F.Supp. 37 (W.D.N.C. 1990) (special parole term vacated).

Petitioner may appropriately use Rule 35(a).

Respectfully submitted,

Robert Clark Corrente
United States Attorney

s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July 2007, I served a copy of the within Government's Response To Petitioner's Motion For Correction Of Illegal Sentence, ordinary mail and postage prepaid, to:

James Lyons
18 Callahan School Street
Harrisville, RI 02830

s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov